19016

W. A. LYERLY, Appellant, v. T. O. EVANS, Jr., Willie C. Barnhill, Helen E. Barnhill, Burch Eaddy and First Federal Savings & Loan Association, Respondents.

(172 S. E. (2d) 555)

*E. Lee Morgan,* of Hyman, *Morgan & Brown, for Appellant,*

*Messrs. Paul A. Sansbury,* and *Melvin Hyman,* of Darlington, *for Respondents,*

February 12, 1970.

BRAILSFORD, Justice.

This is an appeal by W. A. Lyerly from an adverse judgment in an action brought by him to gain possession of three acres of land in Darlington County. The complaint alleges that plaintiff "has a lawful ninety-nine (99) year lease" of the land and that the defendants are in possession thereof and "unlawfully withhold same from the possession of the plaintiff."

The land in question is part of a farm formerly belonging to the defendant T. O. Evans, Jr., which has been subdivided into some 203 residential lots, according to a plat dated November 13, 1959, most of which have been sold. Two residences have been built on the land claimed by Lyerly, and these are owned and occupied by the other individual defendants. The corporate defendant has a mortgage on these dwellings.

The written instrument on which Lyerly relies was executed by Evans on 29 October, 1959, in consideration of the sum of $2,000.00, for the purpose of effecting a transfer of the crop allotments on his farm, principally 2.47 acres of tobacco, to Lyerly's farm. Applicable regulations permitted the transferee of such an allotment to plant the crop on his own farm after the first year, provided that he have a lease of the farm on which the allotment accrued for a minimum term of two years. By the terms of the instrument, which was drafted by Lyerly's attorney after consulting with the director of the local office of Agricultural Conservation and Stabilization, Evans undertook to "lease and demise" to Lyerly three acres of land and the crop allotments on his farm for a term of ninety-nine years. The purpose and intention of the parties in contracting with each other is thus stated in the lease:

"It being the intention of the parties hereto that W. A. Lyerly is to have the right to plant all allotments of Crops on the land above described which belong to said Farm of T. O. Evans, Jr., and with the consent of the Darlington County P.M.A office transfer said crops to his farm located in Palmetto School District, Darlington County, S. C., which he purchased from K. J. Jordan."

In 1960 Lyerly planted the tobacco allotment on a portion of the Evans farm which was not located according to the description in the lease and, in fact, was inconsistent with it. In 1961 the tobacco allotment was combined with the allotment on the Lyerly farm, and Lyerly planted the entire acreage on his farm in 1961, 1962 and 1963, making no

claim to possession of any part of the Evans land. When Lyerly undertook to transfer the tobacco allotment to another person in 1964, it was discovered that his lease did not warrant the combination of the Evans tobacco allotment with his because it covered only three acres instead of the entire farm to which the allotment was applicable. He then requested Evans to sign a conforming lease. Upon Evans' refusal this action in ejectment was brought in August, 1964. Apparently, it did not come to trial by reference until some four years later.

The master and circuit judge found against Lyerly on a number of grounds, including a finding that the instrument under which he claims was only intended to effect a transfer of the tobacco allotment, and that the lease of land aspect of the writing was pretensive. Oral testimony to this effect was admitted, over objection based upon the best evidence rule, upon the principle that such evidence is competent to show the purpose of a writing, citing Annot., 71 A.L.R. (2d) 382 (1960), 30 Am. Jur. (2d), Evidence, Sec. 1034 (1967), 32A C.J.S. Evidence § 1015 (1964).

The authorities are divided on the soundness of this rule, at least where the oral evidence is offered to show that the writing was a sham, intended to mislead a third person without justification. Annot., 71 A.L.R. (2d) 382, 384 (1960). And the rule allowing such evidence has been criticized by law writers. 33 Mich. L. Rev. 410 (1934) ; 9 Wigmore, Evidence, Sec. 2406 (3d ed. 1940) and 1964 Supplement. The point seems to be of novel impression with us. It need not be decided here because the result reached by the circuit court may be soundly sustained on the language of the instrument relied upon. At best from Lyerly's standpoint, an ambiguity arises on the face of the writing as to whether a general lease was intended, or whether the use of the property leased was limited to the planting of tobacco, either for the term of the lease or until such time as the allotment of this crop on the Evans farm could be combined with that on the Lyerly farm. Hence, the

court was free to look not only to the language employed, but to the subject matter and circumstances and to "the practical construction which the parties themselves have given (it), as indicated by their acts under (it)." *Herndon v. Wardlaw*, 100 S. C. 1, 10, 84 S. E. 112, 114 (1914). When this is done, we entertain no doubt as to the correctness of the result reached in the order appealed from. There is no suggestion that Lyerly seeks possession of the land for tobacco culture, and this conclusion makes the remaining points raised on the appeal moot.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.